**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| James Ayo<br><br>    Plaintiff,<br>v.<br><br>Sofi Lending Corporation, and<br>Experian Information Solutions, Inc.<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Ascension Parish, Louisiana and Defendants do business in Louisiana.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Louisiana, Defendants have the necessary minimum contacts with the state of Louisiana, and this suit arises out of specific conduct with Plaintiff with Louisiana.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of Ascension Parish, Louisiana.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Sofi Lending Corporation. ("Sofi") exists and operates under the laws of the State of Louisiana and is a furnisher of consumer credit information to consumer reporting agencies.

8. Defendant Sofi is a foreign corporation with a registered agent in Louisiana of Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

9. Defendant Experian Information Solutions, Inc. is a limited liability company existing and operating under the laws of the State of Louisiana that engages in the business of maintaining and reporting consumer credit information.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Louisiana of CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA, 70816.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Sofi and Experian (collectively "Defendants"), and has suffered particularized and concrete harm.

12. Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

13. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

14. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15. On or about January 23, 2021, Plaintiff discovered Defendant Sofi was erroneously reporting a balance due on Plaintiff's Sofi account ("Account") on Plaintiff's Experian consumer report.

16. There was not a balance due on the Account as Plaintiff settled the Account and the Account was settled in full leaving no balance due.

17. Plaintiff received a confirmation letter from Cawley & Bergmann, LLC, a debt collector for Defendant Sofi, on September 9, 2020, confirming receipt of payment from Plaintiff and that the Account was settled and paid in full.

18. Experian published the false information regarding Plaintiff to third parties.

19. The false information regarding the Account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### WRITTEN DISPUTE

20. On or about January 23, 2021, Plaintiff sent a written dispute letter to Experian ("Dispute Letter"), disputing the inaccurate information regarding the Sofi account reporting on Plaintiff's consumer Experian report.

21. Upon information and belief, Experian forwarded Plaintiff's Dispute to Sofi for reinvestigation.

22. Upon information and belief, Sofi received notification of Plaintiff's Dispute from Experian.

23. Upon information and belief, Sofi verified the erroneous information associated with the Account to Experian.

24. Sofi failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. Upon information and belief, Sofi failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

27. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

28. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

29. Experian relied on their own judgment and the information provided to them by Sofi, rather than grant credence to the information provided by Plaintiff.

### COUNT I – Sofi

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31. After receiving the Dispute Letter, Sofi failed to correct the false information regarding the Sofi account reporting on Plaintiff's consumer report.

32. Sofi violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute Letter; by failing to review all relevant information

regarding Plaintiff's Dispute Letter; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of Sofi, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. The conduct, action, and inaction of Sofi was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Sofi was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Sofi pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

39. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Experian was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

46. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and

usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48.     The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

49.     In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

50.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

51.     Trial by jury.

52.     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

53. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

54. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

55. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:      April 19, 2021

/s/Paulette Porter LaBostrie
Paulette Porter LaBostrie, esq.
PO Box 626
Geismar, LA 70734
labostrielaw@gmail.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447

Attorney for Plaintiff